IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, | ) | |
| Plaintiff | ) | C.A. No. 11-198 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge Cohill** |
| CITY OF ERIE BUREAU OF POLICE, et al., | ) | **Magistrate Judge Baxter** |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss amended complaint [ECF No. 23] be granted in part and denied in part.

### II. REPORT

#### A. Relevant Procedural History

Plaintiff Jhen Scutella, a prisoner incarcerated at the Erie County Prison in Erie, Pennsylvania, instituted this *pro se* civil rights action on September 9, 2011, pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint on March 8, 2012, which superseded the original complaint and is the operative pleading in this case. [ECF No. 22]. Named as Defendants in the amended complaint are City of Erie Bureau of Police ("Erie Police"), and Matthew Eicher ("Eicher"), Michael Brown ("Brown"), and James Cousins, III ("Brown"), officers with the Erie Police.

In his amended complaint, Plaintiff alleges federal claims of "excessive force in violation of fourth amendment and eighth amendment, malicious prosecution, conspiracy pursuant to 42 U.S.C. [sic], deprivation of due process rights and finally refusal and failure of medical attention while incarcerated at the Erie police station." (ECF No. 22, Amended Complaint, at p. 2). In addition, Plaintiff alleges pendent state law claims of assault, battery, intentional infliction of

emotional distress, and conspiracy. (Id.). As relief for his claims, Plaintiff seeks monetary damages and injunctive relief in the form of "restraining orders from these officers from any property I own and me." (Id.).

On March 19, 2012, Defendants filed a motion to dismiss amended complaint [ECF No. 23], arguing that: (i) Plaintiff's claims of malicious prosecution and excessive use of force are barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994); (ii) Plaintiff's claims against Defendant Erie Police must be dismissed because they are based upon the principle of *respondeat superior*; (iii) Plaintiff has failed to state a claim of malicious prosecution upon which relief may be granted; (iv) Plaintiff has failed to state a conspiracy claim upon which relief may be granted; (v) Plaintiff's claim for injunctive relief is unfounded; and (vi) under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), this Court should abstain from entertaining the instant action until Plaintiff's state criminal proceedings are concluded. Plaintiff has since filed a response to Defendants' motion. [ECF No. 29]. This matter is now ripe for consideration.

### B. Relevant Factual History[1]

At approximately 2:30 a.m. on August 25, 2011, Plaintiff claims he was assaulted by Defendant Eicher and "other officers" during a "traffic investigation." During the alleged assault, Plaintiff claims that Defendant Eicher performed a choke submission hold on him and either stunned him in the back with a taser gun or struck him with such force that he was knocked unconscious. (ECF No. 22, Amended Complaint, at p. 1). After regaining consciousness, Plaintiff claims that he was in handcuffs when other officers arrived and began punching,

---

[1] The factual recitation set forth herein is gleaned from the allegations of the amended complaint, which are accepted as true for the purpose of determining Defendants' motion to dismiss.

elbowing, kicking, and tasing him. (Id.). After the alleged assault, Plaintiff alleges that he was transported to the Erie County police station where he requested medical attention "numerous times," both at the station and during his video arraignment before a district justice. However, Plaintiff claims that he did not receive any medical treatment and "basically sat in the holding cell for six hours and bled." (Id. at p. 2). Plaintiff has since pleaded guilty to several of the charges for which he was arrested and is awaiting sentencing on those charges.

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is

plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**D.** **Discussion**

**1.** **Heck v Humphrey**

Defendants claim generally that Plaintiff's claims of malicious prosecution and excessive use of force are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Here, the only claim that necessarily calls into question the validity of Plaintiff's pending conviction and sentence is the claim of malicious prosecution, as Plaintiff would have to show that he was arrested without probable cause. This he cannot do without implicating the validity of the charges to which he has pleaded guilty, which is prohibited by Heck. Accordingly,

5

Plaintiff's claim of malicious prosecution should be dismissed.

The same is not true of Plaintiff's excessive use of force claim, as successful prosecution of such claim would not render Plaintiff's pending conviction or sentence invalid. In particular, the Third Circuit Court has held that a conviction for resisting arrest does not necessarily preclude an arrestee from recovering damages on a § 1983 claim of excessive use of force against the police officers who arrested him. Garrison v. Porch, 376 Fed.Appx. 274, 277-78 (3d Cir. 2010), citing Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997) (holding that *Heck v Humphrey* does not bar an excessive force claim where the plaintiff was convicted of resisting arrest). In doing so, the Third Circuit held that "a reasonable juror, considering the totality of the circumstances, could find that the arrestee resisted arrest, but was still subjected to an unreasonably excessive level of force by the police officer in response." Nelson, 109 F.3d at 146. Accordingly, this Court finds that Plaintiff's excessive use of force claim is not barred by Heck, and Defendants' motion to dismiss such claim should be denied.

### 2. Erie Police

Defendants assert that Defendant Erie Police should be dismissed from this action because Plaintiff's claims against said Defendant are based solely on its status as the employer of Defendants Eicher, Brown, and Cousins. The Court agrees.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Here, Plaintiff has not so much as alleged the existence of a policy or custom that allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged excessive use of force by the individual Defendants. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances,

'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff has failed to state a viable municipal liability claim against Defendant Erie Police and the same should be dismissed.

### 3. Due Process Claim

Plaintiff makes a generalized claim of deprivation of due process rights without any corresponding allegations, other than those detailing the individual Defendants' alleged excessive use of force.

In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims" 510 U.S. at 273 (citation omitted). See also County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998)("if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process"); and Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("Appellant's due process clause is identical to his Eighth Amendment claim; he must bring the claim pursuant to the more explicit constitutional amendment").

Here, Plaintiff's allegations of excessive use of force are explicitly enforced under the Fourth Amendment. See Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir.1995), citing Graham v. Connor, 490 U.S. 386, 394- 95 (1989) ("An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person."). Thus, Plaintiff's due process claim based upon the same

allegations should be dismissed. Also, for the same reason, Plaintiff's attempt to state an excessive use of force claim under the Eighth Amendment should also be dismissed.

### 4.     Conspiracy Claim

Defendants have moved to dismiss the conspiracy claim against them because Plaintiff has failed to state his claim with the particularity required by the Federal Rules of Civil Procedure.

As a general matter, § 1983 claims need not be pled with any greater particularity than any other claims. See Fed.R.Civ.P. 8. However, conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them. Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa. 1994). "While the pleading standard under [Federal Rules of Civil Procedure] 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." Johnson v. Kafrissen, 1995 WL 355289, *2 (E.D. Pa. 1995). See also Williams v. Frame, 821 F.Supp. 1093, 1096 (E.D.Pa. 1993), quoting Kalmanovitz v. G. Heileman Brewing Co., 595 F.Supp. 1385, 1400 (D.Del. 1984), aff'd, 769 F.2d 152 (rd Cir. 1985)("A general averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient").

"To state a cause of action for conspiracy, the complaint must allege the following: (1) combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) overt act done in pursuance of common purpose; and (3) actual legal damage. Guthrie v. Bradley, 2008 WL 4279805 (W.D.Pa. Sept. 15, 2008), citing Brown v. Blaine, 833 A.2d 1166 (Pa.Cmwlth. 2003)(citation omitted). The mere assertion that prison officials engaged in a civil conspiracy is not enough. Brown, 833 A.2d at 1173 n. 16.

Here, Plaintiff alleges that Defendant Eicher "knocked [him] unconscious" and then when "[Plaintiff] regained consciousness on the ground... [Defendant Eicher] started grabbing [him]" and then "other officers arrived when [Plaintiff] was in handcuffs [and] ... punched, elbowed, kicked and finally tased [him] again...." (ECF No. 22, Amended Complaint, at p. 1). While admittedly lacking in detail, these allegations are minimally sufficient to establish a cognizable conspiracy claim. In particular, Plaintiff has sufficiently alleged a combination of two or more persons (Defendant Eicher and the unnamed "other officers," who are presumed to be Defendants Brown and Cousins) acting with the common purpose of subduing Plaintiff with allegedly excessive force, in violation of his Fourth Amendment rights. Thus, Defendants' motion to dismiss Plaintiff's conspiracy claim for lack of specificity should be denied and said claim should be allowed to proceed at this early stage of the proceeding.

### 5. Deliberate Indifference

Plaintiff claims generally that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights when they refused to provide medical attention at the Erie police station for the injuries he allegedly suffered during his arrest. As a result, Plaintiff alleges that he "basically sat in the holding cell for six hours and bled." (ECF No. 22, Amended Complaint, at p. 2).

In the medical context, a constitutional violation under the Eighth Amendment (or in the case of a pre-trial detainee such as Plaintiff, the Due Process Clause of the Fourteenth Amendment, see Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.41 (3d Cir. 1987)) occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged: "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

9

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347.

Here, Defendants have not asserted any specific basis upon which Plaintiff's deliberate indifference claim should be dismissed. Defendants simply argue that Plaintiff has failed to state a claim upon which relief may be granted. The Court disagrees.

Although in his amended complaint Plaintiff does not specify the arrest-related injuries he allegedly suffered, for which he did not receive any medical attention, Plaintiff explains in his opposition brief that he was waiting to present medical records to document such injuries. (ECF No. 29, Plaintiff's opposition brief, at p. 6). Plaintiff then goes on to state that the records will show he suffered injuries to his leg, arm and face as a result of the individual Defendants' alleged assault, including the "propability [sic] of a slight jawbone fracture or possible TMJ." (Id.). In addition, Plaintiff's allegations suggest that he continued bleeding during the six hours he was in the holding cell at the Erie police station. Accepted as true, these allegations are sufficient to establish that Plaintiff had a serious medical need. Plaintiff's remaining allegation that he was refused medical attention for his injuries is unopposed at this juncture. Thus, Plaintiff has met the minimum requirements of stating an Eighth Amendment deliberate indifference claim, which should not be dismissed at this early stage of the proceeding.

**6.** ***Younger* Abstention**

Finally, Defendants argue that this Court should abstain from entertaining the instant civil action until his state criminal proceedings are concluded, under abstention doctrine established by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court held that it is appropriate for a federal court to abstain from hearing a civil suit when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Wattie-Bey v. Attorney General's Office, 424 Fed.Appx 95, 96-97 (3d Cir. 2011) ("[i]n certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceedings").

In general, Younger abstention applies where a federal plaintiff seeks to enjoin state court proceedings. See Marks v. Stinson, 19 F.3d 873, 882 (3d Cr. 1994). However, "where federal proceedings parallel but do not interfere with the state proceedings, the principles of comity underlying Younger abstention are not implicated." Gwynedd Props., Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1201 (3d Cir. 1992).

Here, Defendants attempt to invoke the Younger abstention doctrine because Plaintiff's prayer for relief in this case includes a request for injunctive relief in the form of "restraining orders from [the individual Defendants] from any property I own and me." (ECF No. 22, Amended Complaint, at p. 2). However, such a request, even if granted, would not, in any way, impede or interfere with Plaintiff's state criminal proceedings. Moreover, the only court action left to be taken in Plaintiff's criminal proceedings is the imposition of sentence, as Plaintiff has already entered a guilty plea. Thus, Defendants abstention request is misplaced and should be denied.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully requested that Defendants' motion to dismiss amended complaint [ECF No. 23] be granted in part and denied in part, as follows:

1. Defendants' motion should be granted as to Plaintiff's malicious prosecution, Eighth Amendment excessive use of force, and due process claims; and

2. Defendant's motion should be denied in all other respects.

Accordingly, the only claims that should remain are Plaintiff's Fourth Amendment excessive use of force, conspiracy, and Eighth Amendment deliberate indifference claims, as well as his pendent state law claims of assault, battery, and intentional infliction of emotional distress.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 20, 2012

cc: The Honorable Maurice B. Cohill
United States District Judge