IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 11-198 Erie |
| CITY OF ERIE BUREAU OF POLICE, ET AL. | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM ORDER

Plaintiff Jhen Scutella filed a motion to proceed *in forma pauperis* on September 9, 2011. On September 19, 2011, the motion was granted and Plaintiff's Complaint was filed and referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On January 25, 2012, Defendants filed a motion to Dismiss Plaintiff's Complaint. On March 7, 2012, Plaintiff filed a Motion to Amend Complaint. Magistrate Judge Baxter granted Plaintiff's Motion on March 8, 2012, and Plaintiff's Amended Complaint was filed that same day.

On March 19, 2012, Defendants filed a "Motion to Dismiss Amended Complaint" [ECF#23]. On March 28, 2012, Plaintiff filed its Response to Defendants' Motion to Dismiss.

On April 20, 2012, Magistrate Judge Baxter filed a Report and Recommendation in which she recommended the Defendants' Motion to Dismiss Plaintiff's Amended Complaint be granted as to Plaintiff's malicious prosecution, Eighth Amendment excessive force, and due

process claims and otherwise denied: "[a]ccordingly the only claims that should remain are Plaintiff's Fourth Amendment excessive use of force, conspiracy, and Eighth Amendment deliberate indifference claims, as well as his pendent state law claims of assault, battery, and intentional infliction of emotional distress." April 20, 2012 Report and Recommendation, p. 12 The parties were allowed fourteen (14) days from the date of service to file objections.

On April 26, 2012, the Court received Plaintiff's "Motion to Object" [ECF#31], which we have treated as being Plaintiff's Objections to the Report and Recommendation. In his Objections, Plaintiff asserts:

> It is the Plaintiff's counter-argument that the municipality should be held liable, as an existing policy, whether written or unwritten, is in question, and because their "status as employer" is not the grounds of this Complaint. As it has contemptuous knowledge of these officers' conduct and actions and still employs them without investigation or qualitative reprimand, the city police department is more than the "employer" in this regard. They are acting to shield their employees from liability to justice in cases such as these (involving the excessive use of force) and are thereby acting as "agents" of a sort which implicates them in their employees' reproachable conduct. The fact that such inaction and dismissal of allegations (of misconduct) exists, implies that there is an unofficial or unwritten "policy" in regards to the use of force in which the office exercises and reinforces to its members. Indeed, in the absence of a specific code of conduct governing the use of and/or excessive use of force, such as an unwritten code would have to exist. And even if the Erie Police Bureau does have a policy that regulates the use of force and the use of non-deadly weapons such as tasers, the matter of whether these policies are actually internally enforced comes into question. If not, there are clearly grounds for liability against the municipality who employs such officers, trains, educates and authorizes such agents under its sole authority. As far as what the City of Erie's Bureau of Police's customs or practices are concerning the areas where its policy on the excessive use of force is vague or non-addressed, it should be evident by the number of cases filed against the city for the excessive use of force by its police officers in recent years.
>
> Also, pursuant to 42 U.S.C. 1983, an individual may bring suit for damages against any person acting under color of law alleged to have committed a deprivation of any right, privilege, or immunity served by the United States Constitution or federal law (Couden vs. Duffy), 446 F.3d 483, 491 (3d Cir. 2006).
>
> If when out of uniform and off-duty, these officers would still be legally accountable for the position of authority which they hold, and indeed, have the

> municipal power to make arrests out of uniform and in unmarked vehicles. How much more then, in this case, where the officers were in-uniform and on-duty, acting as representatives of the policies, dictates, and directives of said municipality, be held responsible together with the municipality they represent for any violation of constitutional right committed under their watch and jurisdiction? This is a clear case of the left hand pretending not to see what the right hand is doing: "We won't pursue accountability against our rouge officers who are in breach of our policies (if indeed there are any specific policies in this regard), but we also won't accept responsibility for anything they commit in our name, with our approval, under our colors." Therefore, the Erie police need to be held accountable, as they are just as liable as the officers who committed the deprivation of rights.

Objections, pp. 1-3.

Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: the district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b). We accept the Report and Recommendation, filed on April 20, 2012, in its totality with the following modification, and adopt the Report and Recommendation as the Opinion of this Court, with the following modifications. First, in light of Plaintiff's Objections, we find that Plaintiff shall be permitted until June 15, 2012, to file a Second Amended Complaint that sufficiently alleges facts to support a 42 U.S.C. § 1983 municipal liability claim against Defendant City of Erie Bureau Police. Second, as explained by Magistrate Judge Baxter at page 9 of in her Report and Recommendation, when a plaintiff is a pretrial detainee who is alleging an inadequate medical care claim, such a claim is brought pursuant to the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003). As such, Defendants' motion to dismiss Plaintiff's due process claim is granted only to the extent said claim is premised upon factual allegations of excessive force, and is denied to the extent it is premised upon factual allegations of inadequate medical care.

Therefore, after de novo review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following Order is entered:

AND NOW, this 15th day of May, 2012, it is hereby ORDERED, ADJUDGED and DECREED that the Report and Recommendation of Magistrate Judge Baxter [ECF#12], dated April 20, 2012, is adopted as the Opinion of this Court except as modified above.

It is further hereby ORDERED, ADJUDGED and DECREED that:

1. Defendants' Motion to Dismiss Plaintiff's malicious prosecution claim and his excessive force claim to the extent it is premised upon the Eighth Amendment and the Fourteenth Amendment is GRANTED WITH PREJUDICE. Leave to amend is denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

2. Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 municipal liability claim against Defendant City of Erie Bureau Police is GRANTED WITHOUT PREJUDICE. Plaintiff shall be permitted until June 15, 2012, to file a Second Amended Complaint that sufficiently alleges facts to support a 42 U.S.C. § 1983 municipal liability claim against Defendant City of Erie Bureau Police. Id.

3. Defendants' Motion to Dismiss Plaintiff's Fourth Amendment excessive use of force claim, his conspiracy claim, and his inadequate medical care claim to the extent it is premised upon the Due Process clause of the Fourteenth Amendment, is DENIED.

MAURICE B. COHILL, JR.
United States District Judge

cc:   Susan Paradise Baxter, U.S. Magistrate Judge
      Jhen Scutella, pro se