# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 11-198E<br>)<br>) |
| CITY OF ERIE BUREAU OF<br>POLICE et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

On September 9, 2011, the Clerk of Courts for the United States District Court for the Western District of Pennsylvania received from Plaintiff Jhen Scutella a Motion for Leave to Proceed *in forma pauperis*. The Motion was granted on September 19, 2011 and Plaintiff's Complaint against Defendants City of Erie Bureau of Police ("Erie Police") and Erie Police officers Matthew Eicher ("Officer Eicher"), Michael Brown ("Officer Brown"), and James Cousins, II ("Officer Cousins") was filed. Plaintiff then filed an amended complaint against the same Defendants on March 8, 2012 and on March 19, 2012 Defendants filed a Motion to Dismiss Plaintiff's Complaint.

Magistrate Judge Baxter filed a Report and Recommendation with respect to the Motion to Dismiss, and we adopted that Report and Recommendation with modifications. Specifically, we granted Defendants' Motion as to Plaintiff's malicious prosecution claim as well as his excessive use of force claim to the extent it is premised on the Eighth and Fourteenth Amendments, but ruled that Plaintiff's excessive use of force claim could proceed under the Fourth Amendment. We also granted Defendants' motion as to Plaintiff's municipal liability

claim against the Erie Police, without prejudice to his right to file a second amended complaint to allege further allegations in support of such claim. The remainder of Defendants' motion to dismiss was denied.

Thereafter, in accordance with our Order, Plaintiff filed a second amended complaint on or about June 14, 2012 [ECF No. 35]. In this Complaint, Plaintiff added three new Defendants, who have been identified as Erie Police officers Jerry Stevens ("Officer Stevens"), William Goozdich ("Officer Goozdich"), and Sgt. Noble ("Sergeant Noble") in addition to Defendants Eicher, Brown and Cousins and alleged claims against these officers for "Excessive force, Deliberate Indifference of Medical Needs, Inadequate Medical care, Delay of Medical Care, violation of Due Process under the 14th and 4th amendments of U.S. Const."as well as state law claims for "Assault and Battery, Official Oppression, Intentional infliction of Emotional Distress and Conspiracy. Amended Complaint, ¶¶ 16-17. Plaintiff further alleged a 42 U.S.C. § 1983 municipal liability claim against the Erie Police on the basis that "they had a policy or custom of assaults by their employees against its citizens and for failing to train or monitor or supervise them. They are aware of numerous recent publicized reports of assaults against other citizens for excessive force and this is their policy to not correct it." Id. at ¶ 18. See also ¶ 19 ("this claim is brought under Municipal liability to enforce regulations on excessive force and a lack of or custom of using excessive force. . . ."). All of the claims are related to event that occurred in the early morning hours of August 25, 2011.

On December 30, 2013, Defendants filed a motion for summary judgment, arguing that Plaintiff is unable to demonstrate that he was deprived of any of his constitutional rights and that Defendants are entitled to qualified immunity [ECF No. 73]. On August 29, 2014, Magistrate Judge Baxter issued a Report and Recommendation ("R&R") in which she recommended that

Defendants' Motion for Summary Judgment should be granted with respect to Plaintiff's municipal liability claim against the Erie Police and otherwise denied for a variety of reasons that will be addressed in turn.

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. Objections to the R&R were due no later than September 15, 2014. Plaintiff filed Objections on September 10, 2014 and Defendants filed objections on September 12, 2014. Plaintiff then filed a Reply to the Defendants' Objections on September 15, 2014.

**I. Plaintiff's Objections to the R&R.**

Plaintiff's Objections to the R&R are addressed to Magistrate Judge Baxter's recommendation that the defendants' Motion for Summary Judgment should be granted with respect to Plaintiff's Section 1983 municipal liability claim against the Erie Police. Magistrate Judge Baxter's recommendation was based upon her conclusion that:

> Plaintiff has simply stated in conclusory fashion that the Erie Police "should be held liable because they had a policy or custom of assaults by their employees against its citizens and for failing to train or monitor or supervise them." (ECF No. 35, Second Amended Complaint, at ¶ 18). Plaintiff alleges further that the Erie Police "are aware of numerous recent publicized reports of assaults against other citizens for excessive force and this is their policy to not correct it." (Id.). Such vague and conclusory statements fail as a matter of law to establish the existence of a policy or custom upon which a claim of municipal liability may be based.

Report and Recommendation, p. 8.

In support of his Section 1983 claim against the Erie Police Plaintiff presented a newspaper article from 2011 "where a female was assaulted by these same officers or if not

3

others all employed by the city" as well as a case from this District, Barnes v. City of Erie Bureau of Police "in which these same actions arise [-] I do believe MS Barnes was also tased in which she ended up passing away," such that he has presented three instances from 2011 where the officers employed by the Erie Police engaged in excessive force, which raises a genuine issue of material fact as to whether the Erie Police had a custom of using excessive force. Objection, p. 1. He also contends that this incident was not his first incident with the police. Id. "I [h]ave been arrested before and have been treated the same way every time whether it's being roughed up slammed and one time I was dragged across the ground while handcuffed not merely one incident that happened and I make a claim that this is their custom it has happened numerous times." Id.

Having reviewed the newspaper article cited to by Plaintiff [See ECF #29, p. 9], the filings in Barnes et al. v. City of Erie Police Department et al., 13-cv-111E, Plaintiff's unsupported statement about how he has been treated by Erie police officers in the past, and the facts underling this case, we conclude that even viewing this evidence in a light most favorable to Plaintiff as the non-moving party, we agree with Magistrate Judge Baxter's recommendation that summary judgment should be granted on Plaintiff's §1983 municipal liability claim against the Erie Police. We so find because this evidence does not create a genuine issue of material fact as to whether the Erie Police have a policy or custom of engaging in excessive force or of failing to train or monitor or supervise their officers with respect to the use of force/excessive force. Specifically, in the Barnes case, the parties never got past the pleadings stage of the litigation before the claims against all defendants were dismissed by the plaintiffs, such that there was not any evidence, let alone evidence of excessive force by an Erie police officer or of the Erie Police Department failing to train or monitor or supervise their officers with respect to the use of

4

force/excessive force, ever produced in the litigation. Second, while viewed in a light most favorable to Plaintiff, the article produced by Plaintiff certainly shows that in one instance an Erie police officer used excessive force during an arrest, that one instance, along with Plaintiff's unsupported statement about how he has been treated by Erie police officers in the past and the facts underlying this case, is not enough to create a genuine issue of material fact as to whether the Erie Police have a policy or custom of engaging in excessive force or of failing to train or monitor or supervise their officers with respect to the use of force/excessive force. We agree with Magistrate Judge Baxter's determination that the Defendants' motion for summary judgment with respect to Plaintiff's § 1983 claim against the Erie Police Department should be granted.

**II. Defendants' Objections to the R&R.**

**A. Plaintiff's "Misconduct."**

The Defendants' first objection to Magistrate Judge Baxter's R&R is that: "[t]he R[&]R is in error in that the request for summary judgment based on the Plaintiff's misconduct was improperly denied. The R[&]R includes a mischaracterization of the statements made by the Plaintiff and the argument based on them. The misconduct is so egregious that it requires dismissal of this lawsuit." Defendants' Objections, p. 2. The Magistrate Judge's position on this issue was:

> Aside from the foregoing, Defendants have failed to move for summary judgment with regard to Plaintiff's conspiracy, Fourteenth Amendment inadequate medical care, and pendent state law claims, on a particular basis. Instead, Defendants cite Plaintiff's misconduct throughout the proceedings in this case as a general basis for granting summary judgment in their favor on all claims. According to Defendants, such misconduct largely consists of offering deposition testimony and filing pleadings that contradict his guilty pleas and conviction. Although the Court finds such alleged dishonesty reprehensible and does not, in any way, condone such behavior, it is not willing to dismiss all claims as a consequence, especially in light of the seriousness of the claims raised in the case. Defendants'

5

objections are more suitable for pretrial motions, such as motions in limine, rather than as a basis for bad faith dismissal.

R&R, pp. 12-13.

The Defendant describe Plaintiff's "misconduct" as follows:

This lawsuit was filed during the pendency of the underlying criminal prosecution, prior to the Plaintiff's guilty pleas. While the Plaintiff was litigating his claims, through his defense counsel, he entered into a plea bargain with the Commonwealth in which he entered pleas to numerous traffic offenses, public intoxication, disorderly conduct, driving under the influence (with refusal of blood testing), and resisting arrest. The charges of aggravated assault and fleeing and eluding were nolle prossed as part of the plea agreement. The Plaintiff, as criminal defendant, was under oath during the entire guilty plea hearing and admitted to the legal elements and factual allegations in each count of the information filed against him.

. . .

[To the contrary,] . . . the Plaintiff in his deposition . . . denied being intoxicated and in fact, denied ingesting any alcohol or drugs. The Plaintiff denied committing any of the traffic offenses, including going through a red light, a stop sign, and drunk driving. Further, and very tellingly, the Plaintiff denied resisting arrest and claimed that he did nothing to cause Officer Eicher to arrest him. He insisted that he did not refuse blood testing, even though the refusal is part of his plea testimony. In Plaintiff's deposition, he admitted that he didn't tell the truth at his plea hearing, when he pled guilty.

Defendants' Objections, pp. 2-3 (citations to deposition testimony omitted).

In his deposition, Plaintiff denied having taken any drugs or drunk any alcoholic beverage the day he was arrested by Officer Eicher. September 5, 2013 deposition, p. 13. He also denied he drove through a red light and stop signs that day. Id. at p. 16. He also denied refusing to take a breathalyzer at the Erie Police Department. Id. at p. 24. Plaintiff further stated that at his March 6, 2012 guilty plea hearing before Judge Connelly, he pled guilty under oath to all of the charges in the information with the exception of aggravated assault and fleeing and eluding. Id. at p. 26. Thereafter, on May 15, 2012 he was sentenced to time served. Id. The charges to which Plaintiff pled guilty to included resisting arrest, driving under the influence,

6

disorderly conduct, public drunkenness, and all the summary traffic violations, "going through a red light, stop sign, that sort of thing." Id. at pp. 26-27.

Significantly, when asked "[s]o when they read those charges to you and you went in front of Judge Connelly, and you were under oath and you pled guilty, basically you weren't telling the truth, were you?" Plaintiff answered "No I wasn't. I couldn't take it to trial 'cuz it would have been my word against the officers, I wasn't going to win. I was in a lose/lose situation. So I got the best deal I could and I pled out and got time served." Id. at p. 27.

At the March 6, 2012 guilty plea hearing, Counts 2 (driving vehicle at safe speed), 3-5 (stop signs and yield signs), 6 (careless driving), 8 (compliance with police officer), 9 (traffic control signals), 10 (resisting arrest or other law enforce.), 11 (disorderly conduct), and 12 (public drunkenness) of the thirteen (13) count Information filed against Plaintiff were read to Plaintiff; thereafter, he pleaded guilty to all of these counts. Information; March 6, 2012 transcript, pp. 10-15. Counts 1 (aggravated assault) and 7 (attempting to elude police officer) of the Information, which charged felonies, were nolle prossed. Information, March 6, 2012 transcript, p. 15.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether or not to dismiss a claim as a sanction for litigation abuse:

(1) extent of the party's personal responsibility;
(2) prejudice to the adversary;
(3) a history of dilatoriness;
(4) whether the conduct of the party or the attorney was willful or in bad faith;
(5) effectiveness of sanctions other than dismissal; and
(6) meritoriousness of the claim or defense.

In weighing the *Poulis* factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Notwithstanding,

7

> although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice.

Id. at 868. Notably, in weighing the Poulis factors, any doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984).

Thus, we must apply the Poulis factors to this action and determine whether this case should be dismissed because the factual account to which Plaintiff testified under oath at his deposition was directly in conflict with conduct he admitted to engaging in under oath at his change of plea hearing in state court. First, we turn to the extent of the party's personal responsibility. Here, Plaintiff is proceeding *pro se*. Therefore, he is solely responsible for the conflicting testimony.

Second, we must examine the prejudice to the defendants. Here, the Defendants are correct that "[t]he Plaintiff's conduct has caused his adversaries and their counsel to expend considerable time and effort to counter and expose the falseness of his claims."

Third, we must examine whether there has been a history of deleteriousness and abuse by Plaintiff. Here, there has not been such a history.

Fourth is whether the act in question, the conflicting testimony, both taken under oath, was done with willfulness or bad faith. Defendants' position is that "[p]erjury by its very nature is willful and in bad faith." Defendants' Brief in Support of Motion for Summary Judgment, p. 14. Here, it is undisputed that the conflicting testimony was made willfully. In his Reply to the Defendants' Objections, Plaintiff does not deny that his testimony at his deposition is directly in contrast to his testimony at his change of plea hearing. Rather, he explains that "the inconsistency" was the result of his decision to admit to conduct at the plea hearing that he did

8

not really undertake in order to take advantage of a plea agreement and get out of jail, where he had been incarcerated for eight (8) months. Plaintiff's Reply to Defendants' Objections, p. 2.

The fifth inquiry is whether there are alternative sanctions which would adequately punish Plaintiff for his actions. Given that Plaintiff filed, and this Court granted, Plaintiff's Motion for Leave to Proceed *in forma pauperis* when this litigation first began in 2011, imposing a monetary sanction on him, that he would not be able to pay, likely would be ineffective. Arguably, however, a viable alternative sanction would be, as recommended by Magistrate Judge Baxter in the R&R, that Plaintiff's testimony be limited at trial such that he be permitted only to testify to facts that are consistent with his guilty plea.

Finally, we have to determine whether Plaintiff's claim is deemed meritorious. While certainly the meritoriousness of Plaintiff's claims are affected by his guilty plea, the Third Circuit held in Poulis that a "claim or defense is deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869–70. Here, based on the allegation in his pleadings, Plaintiff's Complaint does have merit.

Having examined each of the Poulis factors, we conclude that justice is best served in this instance by not dismissing Plaintiff's claims against Defendants in their entirety. Accordingly, we agree with Magistrate Judge Baxter's determination that Defendants' motion for summary judgment based upon this argument should be denied. The Court anticipates, however, that upon Defendants filing a proper motion in limine, this Court will preclude Plaintiff from testifying at trial to any facts that contradict his testimony, taken under oath, at the March 6, 2012 plea hearing.

## B. Heck v. Humphrey argument.

Having held that Plaintiff's claims should not be dismissed, it is necessary to address the remainder of Defendant's Objections with respect to Magistrate Judge Baxter's R&R. Defendants have objected to Magistrate Judge Baxter's denial of their motion for summary judgment on Plaintiff's section 1983 excessive force claim on the basis that the claim is precluded under Heck v. Humphrey. Magistrate Judge Baxter had concluded that Heck v. Humphrey was not applicable to this case because "successful prosecution of [Plaintiff's excessive use of force] claim would not render Plaintiff's pending conviction or sentence invalid" R&R, p. 9. In particular, Defendants argue that "[a]s the Plaintiff has taken the position under oath that he is not guilty of criminal conduct, he is attacking the factual basis of his conviction. Because the attack on the factual basis of his conviction has occurred as a part of this lawsuit, the Heck v. Humphrey bar should apply." Defendants' Objections, p. 5.

Under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994), if a favorable judgment on a § 1983 damages claim would "necessarily imply the invalidity" of the plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 486-87. Here, Magistrate Judge Baxter correctly concluded that a jury could find in favor of Plaintiff as to his Section 1983 excessive force claim without invalidating his state law convictions for various traffic violations, driving under the influence, public drunkenness, disorderly conduct and resisting arrest because a jury could accept the Defendants' recitation of the facts [which are the facts to which Plaintiff pleaded guilty] except as to the amount of force used by the officers during the arrest [which was not part of the facts to which Plaintiff pleaded guilty] and still find in favor of Plaintiff on his Section 1983 excessive force claim.

**C. Qualified Immunity argument.**

Defendants' final Objection addresses Magistrate Judge Baxter's analysis of their qualified immunity argument:

> The RR is in error in denying the claim of qualified immunity. Officer Cousins, the officer who used the Taser on the Plaintiff, states in his affidavit (Exhibit H) that use of the Taser was necessary to enable the other officers to handcuff the Plaintiff. The Magistrate Judge notes that the affidavits of Officers Goozdich and Stevens do not include mention of the use of the Taser, with the suggestion that the question is open as to the possibility that the Taser was used after the Plaintiff was handcuffed. The RR disregards the context of the situation that Officer Cousins encountered. When he arrived on the scene, Officer Eicher and the other officers were already struggling with the Plaintiff and were not successful to remove his hands from under his body, so that handcuffs could be applied. He administered the Taser. The other officers were then able to handcuff the Plaintiff. Logically, if three officers (Eicher, Goozdich, and Stevens) were unable to handcuff the Plaintiff, and then at a point in time were able to, something must have occurred to change the situation. That was Officer Cousins intervening with his Taser.
>
> The RR does not include a recognition that arrests and struggles with suspects are extremely fast-moving events and require split-second decisions and do not afford the time for detached reflection, prior to taking action to secure an arrestee or to protect fellow officers.
>
> At the time of the underlying incident, there was no definitive appellate authority as to what constitutes excessive force in the use of a Taser. Officer Cousins is entitled to qualified immunity for that reason and for the above reasons.

Objection, pp. 5-6.

With respect to whether Defendant Cousins was entitled to qualified immunity as to Plaintiff's Section 1983 excessive force claim against him, Magistrate Judge Baxter stated:

> Here, Defendants argue that the attendant uncertainty in the law regarding the Taser's level of force absolves Defendant Cousins of liability under the doctrine of qualified immunity. However, the question of whether the Taser's level of force was excessive is, at best, a secondary issue here; the larger issue is whether Defendant Cousin's use of a Taser on Plaintiff was actually necessary under the circumstances existing at the time. On this issue, the facts are far from clear. While Defendant Cousins declares that his use of the Taser was necessary to subdue Plaintiff so that his hands could be placed in handcuffs (ECF Nos. 73-13, 73-14, Affidavit of Defendant Cousins and supporting memorandum), both

> Defendants Goozdich and Stevens declare that they were able to remove Plaintiff's hands from beneath his body so that they could be placed in handcuffs, without mentioning any need for, or intervening use of, a Taser (ECF Nos. 73-10 and 73-12, Affidavits of Defendants Goozdich and Stevens, respectively). Thus, the necessity and/or reasonableness of Defendant Cousins' use of the Taser remains at issue, such that summary judgment is precluded even before reaching the issue on which Defendants' qualified immunity argument is based.

R&R, p. 12.

In Geist v. Ammary, 2014 WL 4160346 (E.D. Pa. Aug. 22, 2014), the district provided an excellent summary of the applicable law in this Circuit:

> An arresting officer is justified in using "substantial force" as part of the arrest when the person is convicted of the crime. Nelson v. Jashurek, 109 F.3d 142, 146 (3d Cir. 1997). The use of force beyond substantial force during the arrest goes to the question of whether the seizure of the person itself was reasonable. See Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).
>
> Reasonableness is evaluated from the perspective of a reasonable officer on the scene. Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004) (citing Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Not every push or shove amounts to unreasonableness even if found to be unnecessary later. Id. The reasonableness inquiry must recognize that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving ..." Id. at 396–97, 109 S.Ct. 1865. The inquiry is objective and does not take into account the officer's subjective bad faith or illwill. Id. at 399, 109 S.Ct. 1865.
>
> "[R]easonableness under the Fourth Amendment should frequently remain a question for the jury." Abraham v. Raso, 183 F.3d 279, 290 (3d Cir. 1999). Summary judgment may be possible, however, if the officer's use of force was objectively reasonable under the circumstances after all factual disputes have been resolved in favor of the plaintiff. Id. The use of a Taser during an arrest, especially when the suspect is resisting arrest, may be reasonable. See Brown v. Cwynar, 484 Fed. Appx. 676, 681 (3d Cir. 2012) (noting how the use of Taser on a suspect resisting arrest is not inherently "excessive force"). Nonetheless, "the deployment of a taser ... remains a relatively serious use of force." Ickes v. Borough of Bedford, 807 F.Supp.2d 306, 323 (W.D. Pa. 2011).
>
> How much force is reasonable in effectuating an arrest is based on the "totality of the circumstances," including: 1) the severity of the crime at issue, 2) the immediate threat to the safety of the officers or others that the suspect poses, 3) whether the suspect is resisting or evading arrest, 4) how "violent or dangerous"

12

the suspect is, 5) the "duration" of the force, 6) whether the force was used in making an arrest, and 7) whether the suspect might be armed, and 8) the number of people with whom the police must contend. Graham, 490 U.S. at 396, 109 S.Ct. 1865 (citing Tennessee v. Garner, 471 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)); Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir.1997).

Id. at *3.

Viewing the evidence of record in a light most favorable to Plaintiff as the non-moving party, we agree that it simply is not clear what were the circumstances under which Officer Cousins used his Taser on the Plaintiff and therefore, there exists a genuine issue of material fact as to whether or not Officer Cousins used excessive force when he tased Plaintiff. As such, Magistrate Judge Baxter was correct that Defendants' motion for summary judgment on the Section 1983 excessive force claim based upon qualified immunity grounds should be denied. See Garey v. Borough of Quakertown, 2013 WL 3305222 *6 (E.D. Pa. Jul. 1, 2013) (denying summary judgment on qualified immunity defense because factual disputes about reasonableness of officer's conduct remained); Shultz v. Carlisle Police Dep't, 706 F.Supp.2d 613, 624 (M.D. Pa. 2010) (denying summary judgment on qualified immunity because factual disputes remained about whether a reasonable officer would have acted the same way); Wilhere v. Delaware Cty., 2010 WL 1381664, *7 (E.D. Pa. Apr. 1, 2010) (denying summary judgment on qualified immunity defense because factual disputes remained about reasonableness of officer's conduct, including whether plaintiff was informed that he was under arrest before he was tasered, whether plaintiff actively resisted such arrest, whether plaintiff posed an immediate threat to the safety of the deputies or others, and the level and detail of each deputies' participation in the "struggle" surrounding the tasering); Reynolds v. Smythe, 418 F.Supp.2d 724, 735 (E.D. Pa. 2006) (denying summary judgment on qualified immunity because factual disputes remained about how the actual incident occurred).

## III. Conclusion.

We have reviewed *de novo* the pleadings and other documents in this case together with the August 29, 2014 2014 Report and Recommendation from Magistrate Judge Baxter and the parties' Objections. Having done so, the following Order is entered:

AND NOW, this 22nd day of October, 2014, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Magistrate Judge's Report and Recommendation [ECF #85], dated August 29, 2014, as supplemented by this Memorandum Order, is adopted as the Opinion of the Court.

It is further hereby ORDERED, ADJUDGED, and DECREED that the Defendants' Motion for Summary Judgment [ECF#73] is GRANTED IN PART AND DENED IN PART, as follows:

1. Defendants' motion is GRANTED as to Plaintiff's Section 1983 municipal liability claim against Defendant City of Erie Bureau of Police and said Defendant shall be terminated from this case; and

2. Defendants' motion is denied in all other respects.

It is further hereby ORDERED, ADJUDGED, and DECREED that a case management conference shall be held on November 6, 2014 at 2:30 P.M. in the chambers of the Honorable Maurice B. Cohill, Jr., U.S. Courthouse, Room A-240, 17 South Park Row, Erie, Pennsylvania, 16501. All parties shall be prepared to discuss settlement.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Jhen Scutella
448 West 28th Street
Erie, PA 16508