IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JHEN SCUTELLA )
 )
Plaintiff, )
 )
 )
 )
v. ) Civ. No. 1:11-cv-00198
 ) Judge Maurice B. Cohill
CITY OF ERIE BUREAU OF POLICE, et al., )
 )
Defendant. )

**MEMORANDUM OPINION AND ORDER**

On March 2, 2015, Plaintiff, Jhen Scutella ("Mr. Scutella"), filed a Motion to Compel Production of Defendant's Responses to Requests for Production [ECF No. 111]. By this motion, Plaintiff is asking this Court to compel Defendant James Cousin II to: "Produce all internal investigations, internal affairs inspector reports, summaries and files related to Your suspension for Your behavior displayed on the YouTube video in 2009, including but not limited to, the related report of internal-affairs inspector, James DeDionisio." Specifically, the sought after document is the internal affairs investigation report of the You Tube video of Officer Cousins ("the Report"). The basis for Plaintiff's motion is that the report will lead to discoverable evidence under the liberal purview of Federal Rule of Evidence 26(b)(1). Plaintiff's Brief, p. 5. Defendants filed a Response to the Motion to Compel in which they argued, *inter alia*, that: (1) the Report is not discoverable because its production would not lead to the discovery of relevant evidence for trial; and (2) the information contained in the Report is protected from disclosure because it is privileged. Defendants' Response, pp. 5-8. Plaintiff filed a Reply to Defendants' Response arguing (1)

that the standard for discoverability of evidence is not whether it would be admissible at trial, but whether it is relevant as defined by Federal Rule of Evidence 401; (2) that the report is reasonably calculated to lead to admissible evidence, such as evidence of Defendant Cousin's plan, intent, habit or impeachment evidence; and (3) that only the City of Erie, and not Officer Cousins, may properly invoke privilege regarding the report. Plaintiff's Reply, pp 2-7.

On April 15, 2015, the Court ordered a Status Conference to discuss the pre-trial schedule of this matter, which then was set to go to trial on May 4, 2015. At the Status Conference, the pending Motion to Compel was discussed and the Court requested that it be given the Report for an *in camera* review. Defendants also asked that if the Court determined that the document was discoverable, the report be released subject to a protective order.

Federal Rule of Civil Procedure 26(b)(1) states, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Accordingly, the Report can be discoverable even if not admissible at trial.

We have thoroughly reviewed the Report and find that the Report does not contain any matter that is relevant to Plaintiff's claims, Defendant Cousins' truthfulness, or otherwise. Therefore, the Report is not discoverable and Plaintiff's Motion to Compel Production of Defendant's Responses to Requests for Production shall be denied:

AND NOW, this 8th day of June, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Compel Production of Defendant's Responses to Requests for Production is DENIED.

*Maurice B. Cohill Jr.*
Maurice B. Cohill Jr.
Senior United States District Court Judge